**SO ORDERED.**

**SIGNED this 2 day of October, 2014.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

SONYA D. MCLAWHORN,                                   CHAPTER 7
                                                      CASE NO. 13-00167-8-RDD
　　　DEBTOR

## ORDER DENYING MOTION TO CONVERT TO CHAPTER 13 PROCEEDING

Pending before the Court is the motion to convert Chapter 7 proceeding to one under Chapter 13 (the "Motion") filed by Sonya D. McLawhorn (the "Debtor") on June 10, 2014. The Court conducted a hearing on September 30, 2014 in Greenville, North Carolina to consider this matter.

The Debtor filed a pro se petition for relief under Chapter 13 of the Bankruptcy Code on January 9, 2013. On May 6, 2014, the Debtor filed a notice of conversion to Chapter 7. On that same date, the Debtor's case was converted to a Chapter 7 proceeding and a Chapter 7 Trustee was appointed. The Section 341 Meeting of Creditors (the "Meeting of Creditors") was conducted on June 2, 2014. On June 3, 2014, the Trustee filed a report of no distribution stating there is no property available for distribution from the estate over and above that exempted by law. On June 10, 2014, the Debtor filed the current motion requested that the Court "re-convert" her case to Chapter 13, pursuant to Section 706 of the Bankruptcy Code.

Section 706 provides:

(a) [t]he debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, *if the case has not been converted under section 1112, 1208, or 1307 of this title.* Any waiver of the right to convert a case under this subsection is unenforceable.

11 U.S.C. § 706(a)(emphasis added).

While Section 706 provides the Debtor with the absolute right to convert if no prior conversion has taken place, "cases are split on whether section 706 permits a re-conversion to Chapter 13 after a debtor has previously converted from Chapter 13 to Chapter 7." *In re Offer*, 2006 WL 995858 at *2 (Bankr. M.D.N.C. Feb. 27, 2006). One line of cases holds that a debtor's right to convert pursuant to section 707(a) is a one time right and if a debtor has previously converted from Chapter 13 to Chapter 7, the debtor cannot subsequently "re-convert" to Chapter 13. *Id.* (citing *In re Hardin,* 301 B.R. 298 (Bankr.C.D.Ill.2003); *In re Baker,* 289 B.R. 764 (Bankr.M.D.Ala.2003); *In re Banks,* 252 B.R. 399 (Bankr.E.D.Mich.2000); *In re Vitti,* 132 B.R. 229 (Bankr.D.Conn.1990); *In re Bryan,* 109 B.R. 534 (Bankr.D.D.C.1990); *see also In re Muth*, 378 B.R. 302 (Bankr. D. Colo. 2007)). The other line of cases holds that the court "has discretion to permit re-conversion and either allow or disallow re-conversion based on the particular facts of the case." *Id.* (citing *In re Manouchehri*, 320 B.R. 880 (Bankr.N.D.Ohio 2004); *In re Wampler,* 302 B.R. 601 (Bankr.S.D.Ind.2003); *In re Masterson,* 141 B.R. 84 (Bankr.E.D.Va.1992); *In re Somers Corp.,* 123 B.R. 35 (Bankr.N.D.Ohio 1990); *In re Johnson,* 116 B.R. 224 (Bankr.D.Idaho 1990); *see also In re Harris*, 497 B.R. 652 (Bankr. D. Mass. 2013); *In re Povah*, 455 B.R. 328 (Bankr. D. Mass. 2011)).

This Court agrees with the line of cases holding that the language of Section 706(a) gives debtors a right to convert only if the case has not previously been converted. The starting point in ascertaining congressional intent is the statutory text. *Lamie v. U.S. Tr.*, 540 U.S. 526, 526-34, 124

S. Ct. 1023, 1023-30, 157 L. Ed. 2d 1024 (2004) (citations omitted). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) (citations omitted). When the words of a statute are unambiguous the inquiry stops there. *Id.*

Examining the plain language of Section 706(a) the Court finds no ambiguity. "As is evident in many other sections of the Bankruptcy Code, when Congress wanted to make a remedy available subject to the Court's discretion, it did so with explicit language." *In re Hardin*, 301 B.R. 298, 300 (Bankr. C.D. Ill. 2003) (providing as examples §§ 706(b), 1307(b), 350(b), 330(a)(1) and (2), and 327(d)). As sated in *Banks*:

> [i]f Congress had intended to give debtors a one time guaranteed right to convert and an additional right to request re-conversion in the court's discretion, it would have done so much more explicitly. In addition, Congress would have provided a statutory standard by which courts could determine whether to allow re-conversion. However, neither the language of the statute nor the legislative history make such an intention or such a standard clear.

*In re Banks*, 252 B.R. 399, 403 (Bankr. E.D. Mich. 2000). In addition, one court has held that the statements made by the Supreme Court in its decision *Marrama v. Citizens Bank of Massachusetts* (*In re Marrama*), 549 U.S. 365 (2007) support the conclusion that the right to convert from Chapter 7 to Chapter 13 is a one-time right that disappears after having been exercised. *In re Muth*, 378 B.R. 302 (Bankr. D. Colo. 2007). The *Muth* court noted:

> In *Marrama v. Citizens Bank of Massachusetts* (*In re Marrama*), the Supreme Court's majority held, in a five-to-four vote, that a debtor may be denied his or her "absolute" right to convert from chapter 7 to chapter 13 in extraordinary circumstances, such as in the case of a bad faith filing. Although the majority and dissent disagreed as to whether the debtor had an "absolute" right to convert once under § 706(a), both the majority and the dissent referred to § 706(a)'s limitation of only one conversion opportunity. The dissent states: " § 706(a) makes clear that the right to convert is available only once: A debtor may convert so long as 'the case has

3

> not been converted [to Chapter 7] under section 1112, 1208, or 1307 of this title.' "
> The majority described § 706(a)'s limitation as "a one-time right that does not survive a previous conversion to, or filing under, Chapter 13."

*In re Muth,* 378 B.R. 302, 303 (Bankr. D. Colo. 2007).

This Court agrees. Because the Debtor previously exercised her right to convert from Chapter 13 to Chapter 7, she no longer has the option of re-converting back to Chapter 13. The Motion is **DENIED** and the Clerk is directed to enter the discharge in this case, if the Debtor is eligible.

**SO ORDERED**.

**END OF DOCUMENT**